UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD WILHELM NEUBAUER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> DISTRICT OF COLUMBIA, ) <br> ) <br> Defendant. ) | Civil Action No. 24-02266 (UNA) |

## **MEMORANDUM OPINION**

This action, brought *pro se*, is before the Court on review of Plaintiff's Complaint, ECF No. 1, and application to proceed *in forma pauperis*, ECF No. 2. The Court will grant the application and dismiss the complaint.

Complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Still, *pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). It "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer, mount an adequate defense, and determine whether

the doctrine of *res judicata* applies.  *See Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).  The standard also assists the court in determining whether it has jurisdiction over the subject matter.

Plaintiff, a resident of Washington, D.C., purports to bring this lawsuit "against the District of Columbia," Compl. at 1, but the sole defendant named in the complaint's caption is "District of Columbia court" at "333 Constitution Ave.," which is the address of this federal court.  Adding to the confusion, Plaintiff alleges that on February 10, 2024, "two guys . . . in front of me" asked "if I'm obsesst [sic] . . . ok and what I need[.]"  *Id*.  Plaintiff answered "I need money," and "the two guys [went] to [their] car and [Plaintiff] was Kidnapped from the Metropolitan Police without any explanation or identification protocol[.]"  *Id*.  Plaintiff states "I'm now kidnapped-arrested" and suggests that he was not advised of his rights to remain silent and "to take a lawyer."  *Id*.  The allegations continue in this perplexing manner.  *See id*. at 6-9.

Plaintiff invokes the Declaration of Universal Human Rights, *id*. at 1-2, which is "a non-binding United Nations resolution [that] creates no legal obligations or private civil cause of action, *Lizalde v. Goldberg*, 790 F. App'x. 217 (D.C. Cir. 2019) (per curiam) (citing *Sosa v. Alvarez-Machain*, 542 U.S. 692, 734-35 (2004)), and cites, without explanation, numerous constitutional provisions, *see* Compl. at 2-6.  Plaintiff's complaint fails to provide Defendant, whether federal or local, "fair notice of what the claim is and the grounds upon which it rests."  *Jones v. Kirchner*, 835 F.3d 74, 79 (D.C. Cir. 2016) (cleaned up).  Consequently, this case will be dismissed by separate order.

*[signature]*
DABNEY L. FRIEDRICH
United States District Judge

Date: September 9, 2024